Judge Underwood,
delivered the opinion of the Court.
The appellant filed his bill in equity, to be relieved agairtst a contract made with the appellee, upon the ground of fraud, practised, as is allegedly the concealmentof theappellee, of an adverse superior title to the lands sold to the appellant,and of which, the bill charges, the appellee had knowledge at the time of the contract.
The answer denies the allegations of the bill.
Parol evidence of the existence,and vendors knowledge of the alleged superior a claim, without shewing the instruments of the title, will not avail to rescind the contract.
It must be shewn by the party asking the rescisión, that the adverse claim he fears is superior, and covers his purchase.
Upon inspecting the record, we discover, that the title which Wilson, the appellant relies on as superior to Laffoor’s, and which Wilson charges to have been fraudulently concealed from him by Lafioor, is a patent for sixteen acres of land, granted to Francis Prince, on the 11th July, 1825, in consideration of a Kentucky Land office warrant, surveyed the 8th of Nov. 1823, and which interferes with the land sold to Wilson. Laffoor assigned a plat and certificate of survey, for fourteen acres of land, made in virtue of a Kentucky land office warrant,and conveyed his interest in seventy-five acres of land, purchased from William Rhea, to Wilson, before Prince had his survey made, and it is in consequence of Prince’s claim interfering, with the Land so assigned and conveyed, that Wilson complains. It is not possible, that Laffoor, could have .been guilty ®f practising a fraud, by concealing a knowledge of this claim of Prince, from Wilson, at the date of their contract; for at that time, Prince’s claim, had no existence. A survey made for Prince before Laffoor’s fourteen acre survey was made, is spoken of in the depositions, and it is also shown, that Laffoor apprehended danger from a claim of Prince, founded on a county court certificate; but no such survey or claim is exhibited, and therefore we cannot regard either of them as existing. There is no foundation, on which to impute to Laffoor, a fraudulent concealment of a superior title from his vendee. Laffoor’s survey for fourteen acres, (which is covered almost entirely by Prince’s sixteen acres) was made on a Kentucky Land office warrant, 22nd July, 1822, and assigned to Wilson, 11th of June, 1823, and it was within his power, to have secured the eldest grant, and given his title full effect, from the date of his survey, had he registered his plat and certificate in proper time.
There is proof in the cause conducing to shew, that the mill seat, that gives value to the land, was at one time equitably owned by Prince, who held William Rhea’s bond for a title, and that Prince directed Rhea, to make the title to appellant and appellee while they were partners. We could not upon the facts before us, therefore, declare Wilson’s claim to the mill seat, inferior to Prince’s, if it had been shewn that his *8 patent covered it. W,e are of opinion it does not, and that the survey in the name of Laffoor, calling for the meanders of the stream does. We see no error in the’ decree and proceedings in the court below.
The decree of the court below is affirmed. The appellee must recover ten per cent damages, decreed below, and his costs expended in this court-.